This document contains some pages that are of poor quality at the time of imaging.

TEXAS COURT OF CRIMINAL APPEALS

RECEIVED IN COURT OF CRIMINAL APPEALS Sep 11 2015 Abel Acosta, Clerk

63,775-16,18,21

EX PARTE, FLORENCE     NO. 10CR1217-83-3

EX PARTE, FLORENCE     NO. 10CR1217-83-4

EX PARTE, FLORENCE     NO. 10CR1217-83-7

MOTION DENIED 9-2-15

MOTION OR REQUEST FOR RECONSIDERATION OF THESE WRITS BASED ON NEWLY OBTAINED EVIDENCE OR NEWLY DISCOVERED EVIDENCE (T.R.E. 201), WRIT NO. 40,789-B-H-2, EX PARTE B. WILLIAMS EXHIBIT A1 - A8 IN SUPPORT

COMES NOW, EX PARTE THOMAS FLORENCE, TO MOVE THE COURT TO LIBERALLY CONSTRUE HIS PRO SE PLEADINGS, HAINES v. KERNER, 404 U.S. 519, 520 (1972).

THE PETITIONER'S WRIT NO. 10CR1217-83-3, 10CR1217-83-4, 10CR1217-83-7, 01-11-00832CR ISSUE NO. 3 APPEAL, MUST BE REVIEWED GRANTED AND REMANDED WITH ORDERS TO DISMISS, SEE STATE v. ZORRILLA, 404 734, 737 N2 (TEX. APP. SAN ANTONIO 2013).

MOTION DISMISSED 9-2-15 (-16) BY 7

THE COURT'S DENIAL OF THESE WRITS AND APPEAL (ISSUE 3) CHALLENGING THE SUFFICENCY OF CAD # 2010-13986 45.018(a), 45.019(a)(2)(7), CHARGING/ ARREST (4-21-22-2010) INSTRUMENT

1

DOES NOT AND DID NOT COMPLY WITH T.C.C.P. ART. 1.23, 45.019 (a) (2) (7), REQ-UISITES, IS REBUTTED, BY A PREPON-DERANCE OF THE EVIDENCE, EXHIBIT A1-A8, THAT THE CONSTITUTIONAL REQUISITES, 45.019 (a) (2) (7), ~~COMPLY~~ MUST APPLY, SEE, STATE OF TEXAS REPLY AT P.4 (A4), ATTACHED.

*THE TEXAS COURT OF CRIMINAL APPEALS HAS STATED THAT THE SUFFICIENCY OF A COM-PLAINT (45.018(a), 45.019 (a) (2) (7)). FN1 IS A QUESTION OF LAW, SEE, ZORRILLA 736, CITING STATE v. MOFF, AT 601.

SEE, EXH. A3, (P.3) STATE'S REPLY THAT A AFFIDAVIT CHALLENGE SHOULD BE RAISED ON DIRECT (01-11-00822CR, ISSUE #3) APPEAL OR IN FIRST (10CR12/7-83-3) ART. 11.07. FN2

THE ART. 11.07 COURT JUDGE EVEN AGREED WITH THE STATE IN HIS FINDINGS OF FACTS AND CONCLUSIONS OF LAW, EXH. A7 (7) (8).
THIS NEWLY DISCOVERED OR OBTAINED EVI-DENCE, EXPARTE B. WILLIAMS, 40,789-B H2 CLEARLY REBUTS THE HOUSTON APPEAL COURT AND THIS COURT'S RULINGS ON

FN1. ART. 1.23
FN2. STATE'S 10CR12/7-83-3 (1ST VALID WRIT) 10CR12-17-83-4, 10CR12/7-83-7 CON ISSUE #3 FROM APPEAL

DENYING OR NOT ADDRESSING THE MERITS OF ISSUE NO. 3 ON DIRECT APPEAL AND IN 10CR1217-83-3; 10CR1217-83-4; 10CR-1217-83-7, ART. 11.07;

SEE, STATE v. BLANKENSHIP, 170 SW3d 676 684 [13] (TEX. APP. AUSTIN. 2005) SENIOR RETIRED JUDGE HON. JOHN F. ONION, SITTING BY APPOINTMENT, CITING, ART. 45.019 HELD THAT THE STATE IS BURDEN WITH, ART. 45.019 (REQUISITES), UNTIL A LEGISLATIVE REVISION OCCURS.

THIS REVISION OCCURED DUE TO THIS LITIGATION SINCE 2010-2015, BY THE, AMENDMENT OF THIS (45.019) SECTION BY HOUSEBILL (H.B. 1386) 1386 (SEPT. 1. 2015).

SEE, KIRD v. STATE, 927 SW2d 136 (TEX. APP. HOUSTON 1ST DIST. 1996) FN3, A DEFECTIVE (45. 018(a), 45.019(a)(2)(4)(7)) COMPLAINT DOES NOT CONFER JURISDICTION TO A MUNICIPAL OR JUSTICE OF THE PEACE COURT (1922 MOODY AVE J.P. NO. 1 GALVESTON, TX, 77550).

SEE THIS COURT' PRECEDENT, NIX v. STATE, 65 SW3d 664, 664, 668 (TEX. CRIM. APP. 2001).

SEE, FREEDOM COMMONS INC. v. CORONADO —

FN3, 01-16-00832-CR (10CR1217) APPEAL ISSUE NO. 3, EXPARTE COOPER, 589 SW2d 130-131 (TEX. CRIM. APP 1979) (PERSUASIVE)

S.W.3d ___ (TEX. S.CT. 2012) (NO. 09-0745; 6-22-12)
(PERCURIUM), HELD JUDICIAL (T.R.E. 201) WAS
NECESSARY TO DETERMINE WHETHER,
JUDGE'S (COURT) ORDER(S) IN THE CASE
WAS VOID WHICH WOULD PRECLUDE,
APPELLATE JURISDICTION. EN4

SEE, DALLAS CO. APPRAISAL v. FUNDS RECOVERY, 887 S.W.2d 465, 468 (TEX. APP. DALLA. 1994),, AS AN APPELLATE COURT WE ARE,
BOUND BY (TEXAS / U.S. COURT) SUPREME
COURT AUTHORITY THAT HAS NOT BEEN OVER-
RULED (MARCO v. FORREST, 795 S.W.2d 700,
703 (TEX. S.CT. 1990) CITED IN HARRISON v. TDCJ-
Id. 134 S.W.3d 490, 492, 493 (TEX. APP. WACO. 2004)
SEE, MARCO, 468, STATED IF (GALVESTON CO.
56TH DIST. COURT OR J.P. NO1. GAL. CO. TEXAS)
THE TRIAL COURT LACKED JURISDICTION,
THEN THE APPELLATE COURT ONLY HAS JUR-
ISDICTION TO SET (10CR1217) ASIDE AND
DISMISS THE CAUSE.

THE PETITIONER WAS NOT CHARGED BY
INDICTMENT AS (VOID) 10CR1217 8-5-2011
JUDGMENT STATES. (SEE, EXH. A6 (4)).
FLORENCE WAS CHARGED / ARRESTED VIA
EN4 THAT'S WHY 01-11-00822CR APPEAL COURT ON IT'S
OWN ARGUED THE 1-4-2011 SEARCH WARRANT
AND NOT ISSUE 3 CHARGING / ARREST IN STATU-
RANT # 2010-139,586                    4

G.P.D. (ART. 45.018(a); 45.019) #2010-13986
AFFIDAVIT AND COMPLAINT FOR ARREST,
WARRANT APRIL 21-22-2010.

X SEE, STATE v. HERNANDEZ 842 SW2d 306,
311 (TEX. APP. SAN ANTONIO 1992), IN TEXAS
A CRIMINAL PROSECUTION IS CONSIDER-
ED IN PROGRESS AFTER THE ACCUSED HAS
BEEN FORMALLY ARRESTED AND TAKEN
BEFORE A MAGISTRATE OR WHEN HE IS
INDICTED OR CHARGED (GPD #2010-13986)
BY COMPLAINT (45.018(a); 45.019) WITH A
CRIMINAL OFFENCE, CITING CASES.

SEE, (ART. 2.05), KINLEY v. STATE, 16 SW 339
(APP. 1891), WHEN A COMPLAINT (#2010-13986)
CHARGES A FELONY (4-22-2010) IT MUST ENS
BE FILED WITH A MAGISTRATE, (J.P. NO1
GAL. CO. TEXAS 1922 MOODY AVE 4-22-2010)

SEE, EX PARTE MOSS, 446 SW3d 786 (TEX. CRIM.
2014), CITING NIX, 664, 668, SUPRA, CONST-
ITUTIONAL RIGHTS CAN BE FORFEITED ON
HABEAS CORPUS DUE TO LACK OF ACTION, BUT
A LACK OF SUBJECT MATTER JURISDICTION
CANNOT. SEE, FLORES v. STATE, 2013 TEX. APP.
LEXIS 11426 (TEX. APP. HOUSTON 1ST. DIST. 2013)
SEPTEMBER 5, 2013, VOID JUDGMENT, IDS-

ENS. TEX. GOVT. CODE 311.016, MUST= CREATES A RIGHT OR
PRECEDENT

MISSED FOR LACK OF JURISDICTION.
PANEL CONSISTED OF HIGLEY, BLAND AND
KEYES APPROX. ONE 1/2 MONTHS AFTER, FN 6.
THIS SAME PANEL FAILED TO FOLLOW
SUPREME COURT, COURT OF APPEALS,
TEXAS COURT OF APPEALS, AND IT'S OWN
PRECEDENT(S) DISMISSED, AND SET-
ASIDE LOCKL217 VOID JUDGMENT / ILLEGAL
ARREST.
THIS WAS STRUCTURAL ERROR, ARIZONA
v. FULMINATE, 111 S. CT. 1246 (1991).

SEE, FIRST COURT OF APPEAL'S SISTER COU-
RT HOLDING, HASSIAN v. STATE, 346 SW 3d
234, 238 (TEX. APP 14TH DIST. 2011) CITING,
45, 018(2), 45,019.
THE COURT CITES, MONTGOMERY v. STATE, 810
SW 2d 372, 380 (TEX. CRIM. APP. 1990), A COU-
RT ABUSES IT'S DISCRETION IF IT ACTS WITH-
OUT REFERENCE TO GUIDING (ART. 1.23, '45.
018(2), '45.019, 'T.C.C.P., 'PRECEDENTS ON
ISSUES) RULES OR PRINCIPLES OR ACTS ARB-
ITRARILY OR UNREASONABLE. THAT'S THE CASE
IN LOCKL217, '0141-00822CR (ISSUE 3), 'LOCKL217-
83-3, 'LOCKL217-83-4, 'LOCKL217-83-7, 'SEE,
KORIA, 548 SW 2d 392 (TEX. CRIM. APP. 1977)
2HENRYJOE 8-25-205 PRAYER. ALL RELIEF GRANTED
ELLG, JULY 31, 2013 (VOID) JUDGMENT (ISSUE #3
NOT ADDRESSED SEE, PRO SE BRIEF)
6

FILED
GREGG COUNTY, TEXAS
JUL 20 2015
O'CLOCK
BARBARA DUNCAN, DISTRICT CLERK
BY_____ DEPUTY

NO. 40,789-B-H-2

EX PARTE                          §    IN THE 124TH DISTRICT COURT
                                  §
                                  §         IN AND FOR
                                  §
BRYAN WILLIAMS                    §    GREGG COUNTY, TEXAS

### STATE'S RESPONSE TO PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

THE STATE OF TEXAS, opposes Petitioner's Writ of Habeas Corpus.

### I. HISTORY OF THE CASE

The applicant, Bryan Williams, is confined in TDCJ-ID because of his conviction and sentence in Gregg County cause number 40,789-B. Williams was charged with the felony offense of possession of a controlled substance (Count I) and unlawful possession of a firearm by a felon (Count II). (Appendix A: Indictment). After being admonished that he could face consecutive sentences if he went to trial on both counts separately, he elected severance of the two counts and jury trials on both. 3 RR 5-7. The jury found him guilty of possession of a controlled substance and sentenced him to 75 years. (Application, Appendix G: Judgment—Count I). After a jury was seated and testimony had begun on Count II, he pleaded guilty and was sentenced by the judge to 5 years, to run consecutively to the 75-year

1

A1
40



sentence. (Application Appendix H: Judgment—Count II). was sentenced by the judge to five years in prison to run consecutively to the 75-year sentence. *Id.* He is confined at the Allred Unit as TDCJ inmate number 1784621.

## II. APPLICANT'S ALLEGATIONS

Williams claims that the municipal court judge and trial court judge lacked jurisdiction, both personal and subject-matter jurisdiction over him due to a void search warrant affidavit.

## III. NECESSITY FOR AN EVIDENTIARY HEARING AND EXPANSION OF THE RECORD.

The record needs no expansion. Williams need not be returned to Gregg County for a hearing.

## IV. ARGUMENT AND AUTHORITIES

1) **This is a subsequent writ application, not subject to any exception.**

This is a subsequent request for a Writ of Habeas Corpus. While there are exceptions for subsequent writs applications, applicant has failed to alleged that his request falls within one of those exceptions. He alleges that his claims of subject-



matter jurisdiction can never be waived, and that he only recently obtained a copy of the "defective void Exh. A 1 from my family member." The record and facts were complete when Applicant filed his first application for writ of habeas corpus. Application Exhibit A 1 is the affidavit for search warrant signed by Kilgore Police Department officer Brady L. Middlebrooks and used to obtain a search warrant for the blue 1994 Cadillac in which Williams had been seen sitting. The search warrant affidavit was not offered into evidence at Williams' trial. No issue was made of the search warrant affidavit's validity at the hearing on motion to suppress. See Appendix A, Reporter's Record from hearing.

If there had been a problem with the search warrant affidavit, the issue could have been raised in a motion to suppress, or on direct appeal or in his first habeas application. Pursuant to TEX. CODE CRIM. PROC. Art. 11.07, §4, applicant's writ should be dismissed.

2)      **Williams states he has a petition or appeal pending in the Eastern District of Beaumont, under Cause Number 06:15CV0005.**

Cause number 06:15CV0005 in the Beaumont Federal Court is related to Cause number 40,789-B, the conviction under scrutiny here. As a matter of fact, the magistrate's report states that Williams used the same memorandum of law for his federal habeas that he used in his first state habeas application. See Appendix B, Report and Recommendation of United States Magistrate Judge. The magistrate's

report was signed on July 9, 2015, and explains that Williams has 14 days to respond to it, so as of the date of this response, it is technically still pending although a ruling has been made to deny relief requested as well as to deny a certificate of appealability.

3)    **The claim of lack of jurisdiction lacks merit.**

If his claim is considered on the merits, it should be denied for the following reasons.  Williams claims that Exhibit A1 is the affidavit used to secure a search warrant for a car in which Williams consistently denied any interest. The affidavit was not, therefore, made a part of the record of this case because the search was never an issue.

Mr. Williams complains that the affidavit is void for non-compliance with Texas Code of Criminal Procedure articles 45.018 or 45.019. (A) (2) (4) ( ) (7).  See Application Memorandum at 2.

The two statutes Williams alleges were not followed do not refer to search warrant affidavits.  They refer to charging instruments for misdemeanor offenses called complaints.  Williams' Exhibits A (1) and A (2) are, collectively, the affidavit sworn to by Officer Middlebrooks in order to get the warrant to search the abandoned car which Williams claimed was not his. A search warrant affidavit is not required to contain the specific language of a complaint required by article 45.019.

4

A4

A 3

Williams's sole ground for relief is frivolous and meritless and should be denied.

## V. CONCLUSION

The State prays this Court recommend that the application be denied.

Respectfully submitted,

CARL L. DORROUGH
Criminal District Attorney
Gregg County, Texas

By: _~Zan Colson Brown~_
Zan Colson Brown
Assistant District Attorney
State Bar No. 03205900

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing "State's Response to Applicant's Application for Writ of Habeas Corpus" was given to the District Clerk of Gregg County, Texas, on July 20, 2015, to be mailed to Applicant, Bryan Williams, 1784621, Allred Unit, 2101 FM 369 N, Iowa Park, TX 76367.

By: _~Zan Colson Brown~_
Zan Colson Brown
Assistant District Attorney
State Bar No. 03205900

5

NO. 40,789-B-H-2

EX PARTE                             §   IN THE 124TH DISTRICT COURT
                                     §
                                     §   IN AND FOR
                                     §
BRYAN WILLIAMS                       §   GREGG COUNTY, TEXAS

FILED
GREGG COUNTY, TEXAS

JUL 2 8 2015

9/8 O'CLOCK ___ M
BARBARA DUNCAN, DISTRICT CLERK
BY _____ DEPUTY

## FINAL ORDER AND
## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON APPLICATION FOR WRIT OF HABEAS CORPUS

Having considered the Applicant's Application for Post-Conviction Writ of Habeas Corpus, the State's Answer, along with reviewing the record in the case, and the materials submitted, the Court recommends that the application be **DISMISSED** as a subsequent writ, or, if considered on its merits, **DENIED**.

The Court specifically finds as follows:

1)   The police saw Williams exiting a car and later found the car to be locked.

2)   Williams denied that the car was his.

3)   The police, after determining that no one else at the location claimed to own the car, had the car towed, obtained a search warrant and searched the car, finding controlled substance, and several of Williams' personal items connecting Williams to the car and its contents.

4)   Williams was than indicted and his arrest was pursuant to a warrant following a grand jury indictment.

5) Williams' attorney filed a motion to suppress, claiming that his warrantless arrest was without probable cause, but not making any claim about the search of the car.

6) Williams' motion to suppress any statements made after a warrantless arrest was denied because it was not a warrantless arrest.

7) Williams could have raised any issue regarding the search warrant affidavit could have been raised at the motion to suppress, on direct appeal, or in his first application for writ of habeas corpus.

8) Texas Code of Criminal Procedure articles 45.018 and 45.019 require certain language to be in a complaint and do not pertain to search warrant affidavits.

The Court makes the following conclusions of law:

1) This is a subsequent writ, not subject to any exception.

2) Williams has a federal habeas pending on this conviction.

3) Williams waived his right to complain about the search warrant affidavit by denying any interest in the car.

4) The complaint that the search warrant affidavit lacked language required of misdemeanor complaints lacks merit and is frivolous.

The clerk of the Court is directed to prepare a transcript to include the applicant's Application for Post-Conviction Writ of Habeas Corpus, the State's Answer, with appendices, a copy of the indictment, the judgment for Count I, and a

copy of these findings and send it to the Court of Criminal Appeals in Austin, Texas.

The clerk is further directed to forward a copy of these findings to the applicant.

SIGNED on _____ **JUL 2 7 2015** _____

_____
Judge Presiding

This Holding Refutes The Denials Of my Claims On The Void/ Fabricated (State) GPD Arrest/ Charging Documents.

If My Search Affidavit (used on/obtained on 1-4-2011) was filed in J.P. Court it still had to comply with 45.019 requisites. It's only Two SECTIONS in C.C.P. TO OBTAIN SEARCH/ ARREST WARRANT'S BASED ON SWORN AFFIDAVIT (S) IS 15.04 - 15.05 / 45.018 - 45.019 NO IF/ OR BUT'S.